MIDDLESEX AND SOMERSET TRACTION COMPANY v.
GEORGE W. METLAR.

Argued June 4, 1903—Decided November 9, 1903.

The Traction act of 1893 (*Gen. Stat.*, p. 3239, §§ 13, 14) authorized
the condemnation of land for the construction of any railway
built under the provisions of this act, "either as an extension
of the line of an existing railway or of a new line not exceeding
sixty feet in width." A company operating on leased land a
railway so built, procured the appointment of commissioners to
condemn a strip of land adjoining the strip on which its existing
line was operated, the two together not exceeding sixty feet in
width. *Held*, that the proceeding so taken was within the pro-
visions of this act.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff in *certiorari, Alan H. Strong.*

For the defendant, *Willard P. Voorhees.*

The opinion of the court was delivered by

GARRISON, J. This is a *certiorari* to review an appoint-
ment of commissioners to condemn lands of the prosecutor
under the Traction act of 1893. *Gen. Stat., p.* 3239, §§ 13,
14.

The defendant, the Middlesex and Somerset Traction Com-
pany, is the successor, by consolidation under the Traction
act, of the Brunswick Traction Company, a corporation
organized under that act. The Brunswick Traction Com-
pany leased from the prosecutor a strip of land about thirteen
feet in width adjoining the public road from New Bruns-
wick to Bound Brook, and constructed thereon a single
track electric railway, which was operated by the said com-
pany down to the consolidation, and has since been operated
by the defendant. The strip of land sought to be taken for
the most of the distance adjoins the said leased land on
the side furthest from the highway, the two together not
exceeding sixty feet in width. The evident purpose of the

proposed condemnation is to widen the present right of way so as to permit the laying of additional tracks. This purpose, it is contended, is not within the purview of the statute in question. The controlling language of that act (*Gen. Stat., p.* 3239, § 13) is as follows: "That it shall and may be lawful, &c., to take so much land or material as may be necessary for the construction of any railway built under the provisions of this act, either as an extension of the line of an existing railway, or a new line not exceeding sixty feet in width."

The contention of the prosecutor is that the tracks to be laid upon the strip of land that is sought to be acquired would not be a new line, because the company already operates tracks upon the leased strip, and that the word "extension," as used in this statute, must be taken to be synonymous with prolongation, citing to that effect the language of the opinion of *Trenton Street Railway Co.* v. *Pennsylvania Railroad Co.*, 18 *Dick. Ch. Rep.* 276, 281, where such meaning was given to this word, as used in an ordinance granting to a street railway a right to construct an extension of its railway along a turnpike, the purport of the opinion upon this point being that a longitudinal extension of a railway is a continuation thereof from one of its existing termini and cannot be an independent line not so connected. While such was its meaning in that case, it is not of necessity the meaning of the word in the present case. The word "extend," both by etymology and by common usage, is an exceedingly flexible term, lending itself to a great variety of meanings, which must in each case be gathered from the context, which is owing to the fact that it is essentially a relative term, referring to something already begun, hence in a concrete sense it has no persistent meaning, although abstractly it always implies *increase* or *amplification* as distinguished from *inception*—as, for instance, "the extension of a man's business," or "of his line of credit," or "of the due-time of his debts." Extension in space may be in any direction; it is not confined to mere linear prolongation, as the prose-

100        NEW JERSEY SUPREME COURT.

Middlesex & Somerset Trac. Co. v. Metlar.      70 N. J. L.

cutor contends. In a proper context it may mean broadening instead of prolongation, as in the case of *Steelman* v. *Atlantic City Sewage Company*, 31 *Vroom* 461, where the language of the opinion is: "The context deals with land, not with mathematical lines; hence the natural synonym for 'extending' is 'reaching' or 'stretching,' and not 'produced' or 'protracted.' "

In the present case we are dealing with an enabling act, whose obvious purpose is to permit a class of common carriers to increase their facilities for the performance of their public duties. The object of the legislature was to enable these companies to extend their lines of railway, not merely to make linear prolongations of the tracks of which such lines of railway in part already consisted. In the case of *South Boston Railway Co.* v. *Middlesex Railway Co.*, 121 *Mass.* 489, where a statute had authorized a street railway company to extend the location of its tracks within the territorial limits of a city, it was held that the railway company was thereby authorized to locate additional tracks not connected with its existing tracks excepting by the tracks of another corporation. It is not necessary, in the present case, to go so far, inasmuch as the statute under review contains a distinct indication of its scope. The language to be interpreted is "either as an extension of the line of an existing railway or a new line not exceeding sixty feet in width." The clause "not exceeding sixty feet in width" applies to the extension of an existing line as well as to the new line. In either case it is the limit imposed by the legislature upon its grant, which would be meaningless as to the first clause if mere longitudinal continuation was what was meant by the "extension of the line of an existing railway."

On the other hand, if, as is contended by the prosecutor, "the line of an existing railway" means only its track, then, in the next clause, "a new line" means only a new track, in which case it would cover the right now claimed on behalf of the defendant. Under one or the other of these provi-

sions, and possibly under either of them, the right of the defendant to extend its railway by laying tracks over a space not exceeding sixty feet in width, and for this purpose to avail itself of the provisions of the act in question, is sufficiently clear.

The appointment of commissioners brought up by this writ is affirmed, with costs.

The case between the same defendant and Catharine M. Metlar, prosecutor, argued with the above case, is controlled by the opinion rendered in the case of her husband, George W. Metlar.