SAMUEL ARNOLD, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS: Consolidation of District or Territory—Second or Additional Consolidation.** A school district, consolidated under the provisions of Sec. 2794-a, Code Sup., 1913, may, after effecting such consolidation, again avail itself of the same provision of law and effect a further or second consolidation, without resort either to Sec. 2793 or 2793-a of said Supplement, or to Subdivision f of said Sec. 2794-a.

*Appeal from Warren District Court.*—J. H. APPLEGATE, Judge.

FRIDAY, DECEMBER 17, 1915.

THIS is a proceeding by certiorari to test the legality of the proceedings in reference to an attempted second consolidation of the defendant district with another district, or part

thereof. The issue was decided in favor of the defendants, and judgment was rendered against plaintiff for costs. The plaintiff appeals.—*Affirmed*.

*Parsons & Mills*, for appellant.

*A. A. McGary*, for appellees.

PRESTON, J.—It is conceded that there is but one issue in the case, and that is one of law: whether or not, after a consolidated district has once been formed under the provisions of Section 2794-a, Supplement to the Code, 1913, there can be a further consolidation in said territory by petition presented to the school board of the consolidated district, bringing in additional territory and thus forming a new consolidated school district. Or, as appellees put it: Could there be a second use of the same method to add territory to the corporation, under Section 2794-a of the Supplement to the Code of 1907, as amended by Chs. 143 and 144, Acts of the Thirty-fourth General Assembly?

SCHOOLS AND SCHOOL DISTRICTS: consolidation of district or territory: second or additional consolidation.

The facts are about as follows: Prior to April 15, 1914, there existed what was known as the Independent School District of Norwalk. On that date, a vote was taken on consolidation with certain other territory, under the provisions of Section 2794-a, the result of which was that a consolidated district was formed and completed on May 4, 1914. Thereafter, and in the month of May, a new petition was presented to the board of directors of the consolidated district for further consolidation; and under this new petition, another election was held, on June 13, 1914, the result of which was that a new consolidated district was formed, including additional territory to that included in the first consolidated district, including certain lands of plaintiff and the subdistrict in which he resided.

The precise question has not been before presented or

determined by this court. It is plaintiff's contention that, after a consolidated district has been formed, the only way to enlarge is under Section 2793-a, or to first dissolve the consolidated district, as provided in Subdivision f of Section 2794-a, Supplement to the Code, 1913. It may be conceded that the consolidated district may be enlarged by the concurrent action of the boards of directors of· the contiguous districts, but it does not follow that the only way the same may be enlarged is by dissolving the consolidated district. Under the law as it existed at the time of the consolidation of the defendant district, there were different methods of organizing a school corporation, and the later provisions had still further methods. In construing the new section, we cannot ignore the other sections of the statute on the same general subject. Under the school laws, great liberality has been provided, not only for the organization of school districts by different plans, but for the change of such plan of organization, and for the change of boundaries and territory from time to time, as the wisdom of the hour might demand. Counsel for appellant seem to place stress upon the fact that the second consolidation was so soon after the first, but we think that is not material. Suppose the second consolidation had been ten years, instead of thirty days, after the first consolidation. Appellant relies somewhat upon *State v. Board of Directors*, 148 Iowa 487, 493. In that case, an attempt was made, not to increase a consolidated independent school district once formed, but to decrease the territory, and the lower court held that it could not be decreased below sixteen sections, and the case was affirmed by operation of law, the court being equally divided. But we think that does not reach the point presented in this case, and that is, whether the same method may be pursued under the statute and a second consolidation had; that is, where a consolidation has been once had, whether this exceeds the authority or power given under the statute.

We have had some trouble with Section 2794-a as to whether a district may be reduced in territory below four sections. *Cutler v. School District*, 172 Iowa 361.

We think it would not do to hold that the only change of boundaries of a consolidated district must be under the provisions of Section 2793 or Section 2793-a, Code Sup., 1907. Nor do we think it can be claimed that the provisions of Subdivision f of Section 2794-a, Code Sup., 1913, for dissolution were intended to enable a consolidated district to dissolve for the purpose of forming a new consolidated district, whether larger or smaller than the one dissolved. It will be seen that the petition for the dissolution must not only ask for such dissolution, but must also describe the boundaries of the district or districts proposed to be organized out of the territory then included in such consolidated independent school corporation. This provision is to enable the electors of a consolidated independent school corporation to dissolve, if it is not to their liking after trial; not to enable them to form a larger district. A consolidated district—that is, a district which has been once consolidated—is not in terms excluded from the provision of the statute. The petition may be filed before the board of the school corporation, etc. The consolidated independent district, when duly organized, is a school corporation. The only consideration that seems to favor a different construction of the statute than that it applies to consolidated districts as well as to others is the thought that the law was not intended to enable the electors of any territory to petition for that which they already have,—that is, to petition for a consolidated district when they already have a consolidated district,—and this is appellant's contention. But, as stated, when the district has been once consolidated, it is a school district, a school corporation, and stands upon the same basis as any other, so far as the point now being considered is concerned. The construction contended for by appellant might keep some small districts from having the

benefits of the larger schools, contemplated by the provisions of the act under consideration.

We are of opinion that the holding of the trial court was correct, and the judgment is, therefore,—*Affirmed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.