STATE OF IOWA ex rel. J. W. STINMAN et al., Appellant, v. WILLIAM SPELLMAN et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts. A consolidated independent school district may be organized from two integral independent districts having more than 16 sections of land, the method of combining independent districts not being exclusively provided by Secs. 2793, Code Supp., 1913, and 2799, Code, 1897. (Sec. 2794-a, Code Suppl. Supp., 1915; 38 G. A., Ch. 149.)

*Appeal from Adair District Court.*—H. S. DUGAN, Judge.

JULY 18, 1921.

ACTION in quo warranto to test the validity of the organization of the Consolidated Independent School District of Richland, Adair County, Iowa, and to oust the school officers-elect. Plaintiff's petition was dismissed by the trial court, and judgment entered for costs. Plaintiffs appeal.—*Affirmed.*

*Wilson & Crowley,* for appellants.

*Musmaker & Williamson,* for appellees.

DE GRAFF, J.—Township 74 north, Range 32 west of the 5th P. M., is organized as the civil township of Richland, Adair County, Iowa. This township was originally organized as a school township with nine subdistricts, but in 1916, a consolidated independent school district was created, including all of the territory therein except a strip 1½ miles wide across the north and west sides, which strip constituted an independent school district.

In October, 1920, a petition for the creation of a new school corporation, to include all of said township of Richland, was filed with the county superintendent and approved by said officer. An appeal was then taken to the county board of education, and the petition was again approved. Thereafter, the question was submitted to the electors of the proposed district, and a majority of all votes cast was in favor of the proposition.

This appeal presents the question whether a new school corporation including the territory of two integral independent districts may be organized under Section 2794-a, Supplemental Supplement to the Code, 1915, as amended by Chapter 149, Acts of the Thirty-eighth General Assembly.

The question is raised whether the said independent school district of Richland is, in fact, an independent district; but this is immaterial, since the same rule obtains in either event, under the facts disclosed by the record. It is the contention of appellant that two independent districts may be united into one corporation in one or two ways only, to wit: (1) By concurrent resolution of the board of directors of the corporations to be united, in conformity to the procedure authorized by Code Section 2793 and acts amendatory thereto; or (2) by a vote of the electors of each corporation, taken separately, in conformity to

the procedure authorized in Code Section 2799. If these methods are exclusive in the creation of such a corporation, then any other or different form of procedure is illegal and void. We reach the conclusion that they are not exclusive. Neither Section 2793, as amended, nor Section 2799 is repealed by Section 2794-a (a), as amended by Chapter 149, Acts of the Thirty-eighth General Assembly, or by any other act of the general assembly. Two school corporations, whether independent districts or school townships, may be united into one school corporation, or a school township and an independent district may be united into one corporation, by following the procedure outlined in Code Section 2793, as amended. This section permits boards of directors to make changes in the boundaries between two contiguous school corporations without uniting the districts, and is applicable when it is desirable to make a change which affects only a small area. A 40-acre tract may be transferred from one corporation to another under the provisions of this section, or any other portion of the territory belonging to a district may be transferred, so long as it is not reduced below the limits fixed by law.

Code Section 2799 is applicable to independent districts only, and to cases when it is desired to submit to the electors the question of uniting corporations. Two corporations which, taken together, contain less than 16 sections may be united in conformity to the procedure outlined in this section; and, even though it may be followed in cases where the total area included is more than 16 sections, the procedure outlined in Section 2799 or in Section 2793, as amended, is not exclusive. Whenever it is proposed to include an area of 16 sections or more, Section 2794-a, as amended, is also applicable, and is the proper procedure if it is the purpose to organize and conduct a central school in rural territory and transport the pupils. Technically, this is not the union of two districts, but the organization of a new corporation for the purpose of conducting a central school as a consolidated district, which is required by law to furnish transportation for all rural pupils. This section provides that a district of this kind must contain at least 16 sections of contiguous territory, and this territory may be only a part of one school corporation, as was the case when a part of Richland

Township was organized as a consolidated independent district. It may also be comprised of parts of several different corporations, or it may be parts of some and all of others, or it may be all of several corporations. In the case of *Arnold v. Consolidated Ind. Sch. Dist.*, 173 Iowa 199, it is held that a consolidated independent school district may be included with other territory to organize a new district under the provisions of Section 2794-a, Supplemental Supplement to the Code, 1915. The law has not been amended to change the rule in that case.

It is merely incidental if the territory described in the petition includes only the territory of two independent school corporations. The law in force at the time required that, in fixing the boundaries of the proposed districts, the boundary lines of existing corporations or subdistricts should be respected, and only by an appeal or review by the county board of education could any other boundary lines for a proposed district be established. To hold that Section 2794-a, as amended by Chapter 149, Acts of the Thirty-eighth General Assembly, is not applicable in all cases where it is the purpose to organize a school corporation of 16 sections or more for the purpose of conducting a central school would, in effect, make nugatory this law for many localities.

It is also urged that two ballot boxes were required. This contention is without merit. Two ballot boxes are required only when the proposed district contains a town or village of 200 or more inhabitants. This has been amended by Section 15, Chapter 175, Acts of the Thirty-ninth General Assembly, requiring two ballot boxes in case a consolidated district is included in the proposed corporation. This provision, however, was not in effect at the time in question.

It is not for this court to decide whether the organization of a new district is advisable or logical. This question was decided by the county board of education, and its decision is final. Only the legality of the organization is in question here, and the record is free from reversible error. The judgment entered by the trial court, therefore, is—*Affirmed.*

EVANS, C. J., WEAVER, PRESTON, STEVENS, ARTHUR, and FAVILLE, JJ., concur.