W. H. CHAMBERS et al., Appellees, v. C. L. HOUSEL et al., Appellants.

No. 40592.

DECEMBER 9, 1930.

*Carl H. Cook,* for appellants.

*Genung & Genung* and *Vernon Johnson,* for appellees.

STEVENS, J.—I. The construction of certain sections of the Code relating to consolidated school districts and elections to transfer territory from one district to another is the only thing involved on this appeal. At an election called and held on the first Monday in March, 1928, under and in pursuance of the provisions of Sections 4141 and 4142 of the Code of 1927, a majority of the electors residing within the Consolidated Independent School District of Tabor and of the electors residing upon Section 35, the territory in controversy, voted to annex said section to the Tabor Consolidated District.

Prior to the date of said election, Section 35 comprised a portion of the area of the Consolidated Independent School District of Anderson. The relief prayed is to have the election above referred to declared null and void, and to enjoin the treasurer of the Tabor district from receiving or disbursing the school taxes paid by the residents of Section 35. The decree below granted the relief prayed.

Section 4141, above referred to, provides as follows:

"Upon the written petition of any ten voters of a city, town, or village of over 100 residents, to the board of the school corporation in which the portion of the city or town having the largest number of voters is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the city, town, or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said district, in subdivisions not smaller than the smallest tract as made by the government survey in the same or any adjoining school corporations, as may best subserve the convenience of the people for school purposes, and shall give the same notices of a meeting as required in other cases."

Section 4142 prescribes the method of holding the election. The foregoing statutes were fully complied with, and no claim is asserted to the contrary.

The first proposition urged by appellants is that the court erred in decreeing the election held on the first Monday in March null and void. There is much confusion and uncertainty in the school laws of this state. It was the view of the trial court that the method provided by Section 4133 of the Code for changing the boundaries of contiguous school corporations is exclusive. The method prescribed by this section is by the concurrent action of the boards of directors of the respective school corporations. The legislature has not, by the enactment of any single section of the Code, or by direct and specific provision, authorized the course pursued in this case.

Numerous sections must be considered and construed together. Section 4190 makes the provisions of law relative to common schools applicable to all districts, except when otherwise clearly stated. Section 4191, closely and directly related to the preceding section, is as follows:

"Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town, or consolidated district, the voters residing within the proposed extension or addition and outside the existing independent district, shall vote separately upon the proposition. The proposition must be approved by a majority of the voters voting thereon in each of such territories."

It will be observed that consolidated districts are included in the provisions of this section. The right of an existing consolidated school district to extend its boundaries or to add territory thereto is clearly created by this section. No specific method by which this may be done is, however, clearly provided by statute.

By the enactment of Section 4190, the legislature has made all of the provisions of law relative to common schools applicable to consolidated school districts. No exception is recognized. The applicability of the provisions of Sections 4141 and 4142 to consolidated school districts is here recognized. This being true, why is not the method for annexing territory prescribed by Sections 4141 and 4142 available to a consolidated school district

which desires to extend its boundaries? It seems to us that the answer must be that it is. Such is the effect of prior holdings of this court. *State ex rel. Doherty v. Van Peursem*, 202 Iowa 545; *Arnold v. Consolidated Ind. Sch. Dist.*, 173 Iowa 199; *Rural Ind. Sch. Dist. v. Ventura Cons. Ind. Sch. Dist.*, 185 Iowa 968. The electors residing in the consolidated school district of Tabor and the electors residing upon Section 35 voted separately, as is provided by Section 4142 and also by Section 4191 of the Code. This was clearly the proper method of holding the election. The method provided by Section 4133 is not, therefore, exclusive.

II. Exclusive of Section 35, the Anderson Consolidated School District does not contain 16 square sections of land. The total area of the district, however, is greater than the area of 16 government sections. Section 4154 of the Code of 1927 is as follows:

"Consolidated school corporations containing an area of not less than sixteen government sections of contiguous territory in one or more counties may be organized as independent districts for the purpose of maintaining a consolidated school, in the manner hereinafter provided."

Section 4173 of the Code is as follows:

"A consolidated school corporation, maintaining an approved central school, shall not be reduced to less than sixteen government sections, unless dissolved as provided by law. No remaining portion of any school corporation from which territory is taken to form a new district shall contain an area of less than four government sections which shall be so situated as to form a suitable corporation."

This section provides the minimum area for consolidated school districts. Prior to the enactment of Section 175, Laws of the Thirty-ninth General Assembly, the term "16 sections," instead of "16 government sections," was used in  the statute. If the extension of the boundaries of the Tabor Consolidated District so as to include Section 35 reduces the area of the Anderson district, within the contemplation of the legislature, below the minimum required by Section 4173 of the Code, then the election was necessarily ineffectual and without validity.

The question is: Must the language of Section 4173 be interpreted to mean 16 square sections of land, or does it mean territory having an area equal thereto? There are 10,240 acres in 16 square sections of land. It is conceded that the area of the Anderson district exceeds the area of 16 square sections. Did the legislature contemplate that no consolidated district containing less than 16 square sections should be organized, or was its purpose to provide that the minimum area of such district should be equivalent thereto? The purpose of fixing a minimum area at all was obviously to provide enough territory to meet the necessarily increased expense of erecting buildings, providing equipment, and maintaining a central school. This purpose would be as well served if the area was equal to that of 16 square sections, but, in fact, contained a smaller number with other territory to make up the deficiency.

It is contended by appellees that the use of the words ''government sections'' was for the purpose of rendering impossible the organization of consolidated school districts having an irregular outline, and such as to make it necessary for pupils to travel great distances in attending a central school. There are, no doubt, many advantages in having the district as compact as possible. The interest of taxpayers residing within the limits of a proposed consolidated district would ordinarily be served by making the boundaries of the district regular, and the district as compact as possible. The convenient access of pupils to the public school has always been a matter of the gravest concern in this state, and has many times been recognized by the legislature. The expense of transporting pupils is an item of no small importance. When we construe Sections 4154 and 4173 together, the emphasis, it seems to us, should be placed upon the word ''area,'' rather than upon the words ''16 government sections.'' The legislature might well have, in terms, enacted that the minimum area required should be equal to 16 government sections. It seems to us that the word ''area,'' as used, is of controlling importance, and that the proper meaning of the language used in the statute is that a district must comprise territory having an area at least equal to that of 16 government sections of land, and not that such area shall be subdivided into 16 square sections. The term as here used is descriptive, and is not to be given its

literal meaning when used in connection with the government survey.

The question here presented has not previously been before this court. Our attention is, however, called to *State v. Board of Directors,* 148 Iowa 487. The discussion of the court in that case was designed for the legislature. The decision was by an equally divided court, which, necessarily, affirmed the judgment from which the appeal was taken. The decision affords little, if any, aid in the decision of the question before us.

All things considered, and giving a reasonable interpretation and effect to the statutes referred to, the court has reached the conclusion that a consolidated school district having an area equal thereto may be organized with less than 16 square sections of land. It follows that the decree of the court below must be, and it is, reversed.—*Reversed.*

MORLING, C. J., and DEGRAFF, ALBERT, and WAGNER, JJ., concur.