C. A. BECK, Appellant, v. INDEPENDENT CONSOLIDATED SCHOOL DISTRICT OF JEFFERSON TOWNSHIP et al., Appellees.

No. 41143.

MARCH 8, 1932.

Fred F. Keithley, Attorney for appellant.

John Connolly, Jr., and Irvin I. Schlesinger, Attorneys for appellees.

MORLING, J.—On June 23, 1869, Nathan Andrews and wife conveyed to the district township of Jefferson three-fourths of an acre of land described by metes and bounds. The deed was with full covenants of warranty and without reservation of any reversionary right. A schoolhouse was built upon this site about 1871. The farm out of which the tract was carved came into the ownership of Maggie Andrews. On June 30, 1906, the school township and Maggie Andrews agreed upon an exchange of a strip of the schoolhouse site for a strip from Mrs. Andrews' land and the consequent adjustment of boundaries, about which there seems to have been some uncertainty. In pursuance of this agreement the school township executed to Maggie Andrews a deed for the schoolhouse site according to the description in the deed of 1869, and Maggie Andrews and husband, S. O. Andrews, executed to the school township a deed of three-fourths of an acre, described according to the changed boundaries. In the main, however, the schoolhouse site remained the same. Each conveyance recited a consideration of $25.00, and each offset the other. The conveyance to the school township, however, provided that the land conveyed was to be used for school purposes only, and to revert to the ''grantors or heirs for the purchase price without interest when vacated or not used for school for a period of two years.'' S. O. Andrews, the husband, was president of the board of directors, and in behalf of his wife made the arrangement for exchange, and in the meeting of the board of directors made the motion to trade the strips of land involved, which was carried, so far as appears, without dissent. S. O. Andrews, as president of the board, and the secretary executed the deed of the district township to Maggie Andrews. About 1917 a consolidated district was formed, resulting in the abandonment of this schoolhouse site for school purposes. An ''arbitrator'' (appraiser) to fix the market value of each schoolhouse and each site not then required for the uses of the school district was appointed. The school board consulted an attorney, who advised them that the site would revert to Mrs. Andrews on payment of $25.00. Relying on this advice the

consolidated district conveyed the site to Mrs. Andrews on August 16, 1921, for $25.00. The schoolhouse was appraised and sold at the appraised valuation. The district and Mrs. Andrews occupied their respective tracts under these deeds without objection from anyone from the time of the conveyance on June 30, 1906, to the time of the reconveyance in 1921, since which time the schoolhouse site and the building have been used for church and community purposes under arrangement with Mrs. Andrews. Mrs. Andrews' right to the strip which was conveyed to her by the deed of June 30, 1906, and her right to the schoolhouse site after its conveyance to her in 1921, or the validity of the deeds of 1906 and 1921 and the validity of the action of the boards on those occasions were never questioned until the bringing of this suit, the petition in which was filed August 7, 1929. The plaintiff became the owner of real estate in the district about September, 1929.

Plaintiff claims that an absolute title to the schoolhouse site without limitation or reservation vested in the school district by the deed of 1869; that the district acquired title to the entire tract according to description, and that there was no reason or occasion for settlement or readjustment of boundaries; that the deed of 1906 to Maggie Andrews was void because of the interest of her husband, who was the president of the board; that the deed of 1906 from Maggie Andrews and her husband to the district conferred no reversion rights; that the deed from the school district to Maggie Andrews August 16, 1921, was void because the school district had no power to convey for less than the value of the site, shown to have been from $75 to $250; that the site could only be conveyed for its market or appraised value unless sold at public auction. (Code, 1931, Chapter 226.) It is the claim of the plaintiff that grantors of schoolhouse sites were given no right of reversion until the passage of Chapter 124, Thirteenth G. A. It is not necessary to pass upon these claims.

Plaintiff sues as a taxpayer. The cause of action, however, if any, belongs to the school district. The suit must be in the right of the school district. The powers of government of the school district (except so far as a vote of the electorate is required) is in the board of directors, not in the courts. It is not for the court to pass upon the wisdom of the acts of the board of

directors. The courts may interfere only when fraud or illegality is charged and proved, and when it is pleaded and proved that the board of directors has refused to perform its duties, or that it has unjustifiably neglected or failed to act and it is necessary for the plaintiff to sue for the protection of his rights as taxpayer. Reed v. Cunningham, 126 Iowa 302. In this case there is no such pleading or proof. The plaintiff has for this reason not made out a case for the interposition of the court.

In 1906 the school district and the owner of the tract of land out of which the schoolhouse site was taken agreed upon the exchange of strips of land and adjustment of boundaries. To say the least, it was not clear that the site held under the deed of 1869, on which no schoolhouse was built until 1871, was not subject to reversionary rights in the grantor. Chapter 124, 13th G. A.; Waddell v. Board of Directors, 190 Iowa 400; Independent School District v. Smith, 190 Iowa 929.

In pursuance and as a part of the agreement of 1906 and of the conveyance by which the school district obtained the strip of land from Mrs. Andrews, the deed by Mrs. Andrews of this strip reserved to her a reversionary right in the readjusted site. It is to be presumed that the board of directors acted in good faith and in the interest of the school district. No fraud is claimed, other than constructive fraud, resulting from S. O. Andrews' acting on both sides of the transaction. The district had power to ratify the adjustment of boundaries and the two conveyances which evidenced the adjustment. Municipal corporations may abandon proprietary rights, and as to such rights are subject to the statute of limitations. City of Pella v. Scholte, 24 Iowa 283; Davies v. Huebner, 45 Iowa 574; Simplot v. Dubuque, 49 Iowa 630.

The deed containing the reversionary clause, executed not only by Andrews but by the secretary of the board, and evidently known to the other members of the board, was recorded in 1906. The deed from Mrs. Andrews was recorded at the same time. For fifteen years the agreement and the deeds were unchallenged and the district had the use of the strip obtained thereby. The deed of 1921 to Mrs. Andrews was executed on the advice of counsel. It stood unchallenged until this suit was brought, eight years after its execution. During this time the district has retained the $25.00 paid for the deed, without com-

1286

plaint or attempt to rescind. The complaint now made comes from one who, so far as appears, obtained his status as a taxpayer eight years after the last transaction. The court is now asked to investigate questions of boundary and occupation of schoolhouse site which were settled in apparently good faith more than twenty years before this action was commenced, and to set aside a sale and conveyance made more than eight years before the beginning of the action. It is a fair presumption that in these years persons having knowledge of the facts have died or removed, and that the recollection of others has become dimmed.

The transaction in controversy related to the proprietary or business, and not to the governmental, powers of the school district. It was lawful for the district to make an agreement such as that of 1906 and to make the deeds of 1906 and 1921. James v. Gettinger, 123 Iowa 199; Munn v. Independent Sch. Dist., 188 Iowa 757. The defects, if any, were at most in the authority of the board or manner of execution of the district's powers. Beers v. Lasher, 209 Iowa 1158. The district, however, might ratify defects in the execution by its officers of the district's power. Id. On this record it must be held that the district has affirmed the deed of 1906. Des Moines v. Horrabin, 204 Iowa 683; Love v. Des Moines, 210 Iowa 90; Beers v. Lasher, 209 Iowa 1158; Johnson v. Sch. Corporation, 117 Iowa 319; Stevenson v. Dist. Township, 35 Iowa 462. That deed sustains the deed of 1921.—Affirmed.

WAGNER, C. J., and EVANS, STEVENS, GRIMM, KINDIG, DE GRAFF, and ALBERT, JJ., concur.