INDEPENDENT SCHOOL DISTRICT OF LUVERNE, Appellant, v. CONSOLIDATED SCHOOL DISTRICT OF VERNON TOWNSHIP et al., Appellees.

No. 44884.

DECEMBER 12, 1939.

Harrington & Lowe, for appellant.

Sullivan, McMahon & Linnan, C. W. Garfield, and Melvin L. Baker, for appellees.

RICHARDS, J.—Before this controversy arose the east side and south end of a certain half section of land then located within the confines of the plaintiff school district, were contiguous to the territory embraced in defendant school district. The half section was owned by one Hanselman and his wife. Upon two separate petitions, the one filed with the board of directors of defendant district by said owners of the half section, the other by 32 electors of defendant district, a special election was ordered, and later on June 13, 1938, was held, whereat was

submitted the question whether the half section be annexed to defendant school district. The proposition carried in the district and in the outside territory as well, i.e., in the half section where the only electors were the two owners. On July 13, 1938, plaintiff school district commenced a suit in equity praying that the alleged election be adjudged null and void, that defendant school district and its board of directors be permanently enjoined from asserting or exercising any jurisdiction over the half section, and that plaintiff be accorded certain relief as against others of the defendants. Following a hearing on the merits the district court entered a decree which denied issuance of an injunction and dismissed the petition. An appeal by plaintiff from the decree is the matter now before us.

Plaintiff's challenge to the validity of the election renders necessary a discussion of sections 4141 and 4142, Code 1935, which are in these words:

"4141. Formation of independent district. Upon the written petition of any ten voters of a city, town, or village of over one hundred residents, to the board of the school corporation in which the portion of the city or town having the largest number of voters is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the city, town, or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said district, in subdivisions not smaller than the smallest tract as made by the government survey in the same or any adjoining school corporations, as may best subserve the convenience of the people for school purposes, and shall give the same notices of an election as required in other cases."

"4142. Vote by ballot—separate ballot boxes. At the election all voters upon the territory included within the contemplated independent district shall be allowed to vote by ballot for or against such independent organization. When it is proposed to include territory outside the city, town, or village, the voters residing upon such outside territory shall vote separately upon the proposition for the formation of such new district. If a majority of the votes so cast is against including such outside territory, then the proposed independent district shall not be formed. When such territory is included in an

independent district, adequate school facilities shall be provided for the increased attendance.''

The parties concede that defendant school district invoked the provisions of the foregoing sections and attempted to pursue the mode therein provided in holding the election in question. But plaintiff claims that what was done accomplished nothing. The reason assigned is this—these sections by their terms are available solely for the purpose of establishing boundaries of an independent district in which there is a city, town, or village of over one hundred inhabitants. Admittedly the defendant district was a rural consolidated district having within its territory no city, town, or village. There neither was nor could be a petition for an election that came from ''any ten voters of a city, town, or village'' in the district. Therefore, says plaintiff, defendant district was not a school corporation that had right or authority to proceed under these statutes as defendant district attempted to do. To meet this proposition defendants cite section 4191, Code 1935, which reads:

''4191. Additions and extensions—separate vote. Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town, or consolidated district, the voters residing within the proposed extension or addition and outside the existing independent district, shall vote separately upon the proposition. The proposition must be approved by a majority of the voters voting thereon in each of such territories.''

What defendants find in section 4191 is, allegedly, a grant, to all independent school districts of the right to extend their limits and add territory by an election under authority of sections 4141 and 4142, and, in the case of consolidated districts, to so do without regard to whether there be in the consolidated district a city, town, or village of over one hundred inhabitants. Whether in section 4191 there is such legislative intendment with respect to consolidated districts is the ultimate question the parties present and argue.

Defendants say their interpretation of section 4191 is identical with that accorded it in Chambers v. Housel, 211 Iowa

314, 316, 233 N. W. 502. What in that regard defendants rely upon in the Housel case they quote from the opinion as follows:

"It will be observed that consolidated districts are included in the provisions of this section [i.e., section 4191]. The right of an·existing consolidated school district to extend its boundaries or to add territory thereto *is clearly created by this section.*" (Italics are defendants.)

In argument respecting the force of this quotation plaintiff says that the consolidated independent school district of Tabor that held the election involved in the Housel case was not a district that was entirely rural, and asserts that the abstract filed in this court on the appeal shows that it was stipulated in the trial court that the town of Tabor in the consolidated independent district had a population of more than one hundred residents. Irrespective of what the abstract may show we think it is a matter of general knowledge of which we may take judicial notice that Tabor was a town within the intendment of section 4141 and that consequently there was not a factual situation in the Housel case that made justifiable in that case the question whether the independent school district of Tabor could rightly have held the election had it been a rural consolidated district having no city, town, or village within its borders. And one reading the opinion will observe that that question was not presented or decided. The trial court had held that the election held in the Tabor consolidated independent district was void because section 4133 provided the exclusive method for changing the boundaries of contiguous school corporations. The quoted portion of the opinion appears in the discussion of the error the trial court fell into in so viewing section 4133. Following the discussion the final conclusion therefrom is "The method provided by Section 4133 is not therefore exclusive." Thus it appears to us that the question presented in the instant case, i.e., whether sections 4141 and 4142 authorize all consolidated districts to proceed thereunder, or only those that can meet the restrictions found in these sections, was foreign to the issues and controversy and decision in the Housel case.

Discussing the matter a little further, we note that the specific *thing to which defendants attach importance is the* language as set out in their quotation from the Housel opinion,

to the effect that section 4191 clearly created the right of an existing consolidated school district to extend its boundaries. Without here considering whether the word "created" was used advisedly, we think that avoidance of vague deductions from what defendants quote requires that we add thereto the next succeeding sentence of the paragraph from which the quotation comes. The sentence is this: "No specific method by which this may be done is, however, clearly provided by statute." Following that statement the opinion says that the applicability of sections 4141 and 4142 to consolidated districts is recognized in section 4190, and that that being true, a method available to consolidated districts for annexing territory is the one prescribed by sections 4141 and 4142. Thus, speaking in general terms the Housel opinion views consolidated school districts as being in the same category as other school districts with respect to invoking sections 4141 and 4142. But if they are in the same general category it appears to us they would of necessity be obliged to comply with the terms of those sections in the same manner as any other school corporation. What we fail to find in the Housel case is any holding that there was a legislative intention that only a partial or non-conforming compliance is to be required of consolidated districts. We think it must be said that there is no sound basis in the Housel case or in these statutes for defendants' contention that consolidated school districts may exercise the powers granted in sections 4141 and 4142 in some different manner than may other school corporations, that is without meeting the conditions found in these statutes. The necessary conclusion in the instant case is that the election in question was without authority of sections 4141 and 4142 on account of the factual situation that has been pointed out.

It somewhat confirms the foregoing that the Housel case cites State v. Van Peursem, 202 Iowa 545, 548, 210 N. W. 576, 577. In the opinion in the latter case it is said that section 4191, "would appear to have been intended to cure the anomalous situation previously existing, and to secure to the voters residing in territory proposed to be added to another district by action of the electors, the right to vote separately upon the proposition, and to defeat it by an adverse majority in the territory proposed to be added. * * * Section 4191 but

712

adds another prerequisite, in a proper case, to the establishment of a new district." Whether the mentioning of consolidated school districts in section 4191 was but for the purpose of adding "another prerequisite" to the then existing methods by which such districts could extend their boundaries (as for instance the method recognized in Arnold v. Consolidated Ind. Sch. Dist., 173 Iowa 199, 155 N. W. 278) or whether the legislative intent was also to create a new method, matters not in the instant case. For if this statute be viewed as indicating both purposes the thought found in the Van Peursem case, that section 4191 is of a restrictive character, still remains as a general concept undisturbed by anything we find in the Housel case. There should have been a decree for plaintiff. The decree entered is reversed and the cause is remanded for a decree that will accord with the foregoing.—Reversed and remanded.

BLISS, SAGER, HALE, STIGER, and HAMILTON, JJ., concur.