## STRAIGHT V. CRAWFORD ET AL., COMMISSIONERS OF PHARMACY.

## WEBER V. THE SAME.

1. **Pharmacists**: UNLAWFUL SALES OF LIQUORS BY: STRIKING NAMES FROM REGISTER BY COMMISSIONERS: EVIDENCE. Since the enactment of § 2, Chap. 83, Laws of 1886, the commissioners of pharmacy have no authority to strike the name of a pharmac'st from the register on account of repeated sales of intoxicating liquors by him, except upon the record of the conviction of the pharmacist, certified by the court in which he was convicted. And in this case, where the commissioners, upon the complaint of citizens, instituted an inquiry of their own, and, upon a hearing before themselves, found that the defendants had been guilty of repeated unlawful sales of liquors, and thereupon cancelled their certificates as pharmacists, and struck their names from the register, *held* that they exceeded their jurisdiction, and that their acts in that regard were void.

2. **Statutes**: REPUGNANCY: THE LATEST IN DATE PREVAILS. Where statutes are repugnant, that which was last enacted must prevail, as being the latest expression of the legislative intent. Accordingly, *held* that § 2, Chap. 83, Laws of 1886, must prevail over § 9, Chap. 75, Laws of 1878, in regard to the evidence on which the commissioners of pharmacy may cancel the certificate of a pharmacist for the unlawful sale of liquors.

*Appeal from Polk District Court*—HON. W. F. CONRAD, Judge.

## WEDNESDAY, JANUARY 25.

PLAINTIFFS were registered pharmacists, doing business in Atlantic. Certain citizens of Cass county filed complaints against them before the commissioners of pharmacy, accusing them of having made repeated sales of intoxicating liquors for unlawful purposes. They were served with notice of the complaints, and were required to show cause why their names should not be stricken from the register. They appeared in obedience to the citation, and answered the complaints, and they and the complainants were permitted to introduce evidence in the form of affidavits; the evidence being taken in

that form, under a regulation adopted by the commissioners. Upon the hearing, the commissioners found that they had each "violated their trust, by repeatedly selling alcoholic and intox-icating liquors as a beverage, and to persons in the habit of becoming intoxicated;" and an order was entered revoking their certificates, and directing the secretary of the commission to strike their names from the registry. They then applied to the district court for writs of *certiorari* to review this action of the commissioners. In their return the commissioners set out fully the proceedings had in the case, together with the findings of fact and order made by them. On the hearing, the district court entered judgment affirming the action of the commissioners, and plaintiffs appeal. The causes were submitted on the same abstract, and will be disposed of in one opinion,

*L. L. De Lano* and *Rockafellow & Scott*, for appellants.

*George H. Henry* and *H. G. Curtis*, for appellee.

REED, J.—Section 8, Chap. 75, Acts Eighteenth General Assembly, contains the following provisions: "Provided, that nothing herein contained shall be construed so as to shield an apothecary or pharmacist who violates, or in anywise abuses, this trust, for the legitimate and actual necessities of medicine, from the utmost rigor of the law relating to the sale of intoxicating liquors, and in addition thereto his name shall be stricken from the register." The Twenty-first General Assembly repealed that section, and, in lieu of the provisions quoted, enacted the following: "Provided, further, that nothing herein contained shall be so construed as to shield the person who in anywise abuses this trust for the legitimate and actual necessities of medicine only, from the utmost rigors of the law, now or hereafter in force, relating to intoxicating liquors, and in addition thereto his name shall be stricken from the register by the commission-

1. PHARMA-CISTS: unlaw-ful sales of liquors by: striking names from register by commission-ers: evi-dence.

ers of pharmacy, upon receipt of transcript of conviction, which shall be transmitted by the court, or by order of the court, before whom conviction is had." (Section 2, chap. 83.) Section 9 of the original act contains the following provision: "Nor shall it be lawful for any licensed or registered pharmacist or druggist to retail or sell or give away alcoholic liquors or compounds as a beverage, and any violations of the provisions of this section shall make the owner or principal of said store or pharmacy liable to a fine of not less than twenty-five dollars, and not more than one hundred dollars, to be collected in the usual manner; and, in addition thereto, for repeated violations of this section, his name shall be stricken from the register." Other provisions of this section establish restrictions and regulations as to the sale of certain poisons, and prohibit the sale of such poisons, except under such regulations and restrictions.

The important question in the case is whether the commissioners have the power to revoke the certificate, and strike the name of a registered pharmacist from the register, on the ground that he has sold intoxicating liquors contrary to law, except upon proof of his conviction of the offense by the record of such conviction; and the question depends upon the construction which shall be placed upon the provisions of section 2, chap. 83, Acts Twenty-first General Assembly, and of section 9 of the original act quoted. If the question depended for its solution upon the language alone of either one of the provisions, there would perhaps be but little difficulty in determining it; but both provisions are part of the same statute, and they relate to the same subject, and the language of both must be considered in determining the legislative intent. It is reasonably clear, we think, that the commissioners, before the enactment of chapter 83, possessed the power which in the present case they attempted to exercise. By the provisions of both sections 8 and 9, it was the fact that the party had violated the law with reference to the sale of intoxicating liquors that subjected him to the additional

penalty of having his name stricken from the registry; and neither section contains any provision prescribing any particular character of evidence as essential for the establishment of the fact. The record of a conviction would be competent, and, as against the party, conclusive, evidence of the fact; but it would by no means be exclusive. As the question depended simply upon whether a particular fact existed, any evidence which, under the ordinary rules of law, would be competent for the establishment of that fact, would be admissible upon the investigation.

But we are of the opinion that the provision quoted from chapter 83 has the effect to establish a different rule. Under 2. STATUTES: that provision, the name of the pharmacist is to repugnancy: the latest in be stricken from the register for a second violadate prevails. tion, and the commissioners are empowered to act upon the receipt of the transcript of conviction. While the ground of the action remains substantially as before, the only modification being that a second violation must be established, a rule is created as to the character of evidence by which the fact of violation may be proven. The record of conviction is now the only competent evidence of that fact. It is true that the provision of section 9 of the original act is not expressly repealed or modified by chapter 83. The latter, however, works a modification by implication. Section 9 prescribes a penalty for a particular offense against the statute relating to the sale of intoxicating liquors, viz., for selling such liquors as a beverage; but chapter 83 is a general provision, prescribing the penalty which shall be imposed upon a pharmacist for any violation of that statute. The particular offense denounced by section 9 is included in the general provision of chapter 83. The latter is the subsequent enactment. It does not prescribe a new or additional penalty to that prescribed by the former act, but enacts merely a new condition upon which the same penalty shall be imposed for the same violation. The two provisions are repugnant. The one provides that upon proof, by any com-

petent evidence, of a single offense by the pharmacist, his
name shall be stricken from the register; the other, that
upon proof of a second offense being made by the presentation
of the record of conviction, the same penalty shall be imposed.
The rule in such case is that the latest expression of the legis-
lative will shall control. (Potter's Dwar. St., 155; Sedg. St.
& Const. Law, 104; *Com. v. Kimball*, 21 Pick., 273.)

Another consideration, leading to the same result, is found
in the construction which had been placed upon section 9
before the enactment of chapter.83. In *Hildreth v. Craw-
.ford*, 65 Iowa, 339, we held that the provision of that sec-
tion as to repeated offenses applied to other violations of the
law than the sale of intoxicating liquors, and that, under it,
the name of the pharmacist might be stricken from the reg-
ister on proof of a single sale of liquor in violation of law.
That construction was necessary in order to harmonize that
section with section 8. The provision of the latter section
authorized the imposition of the penalty on proof of a single
offense; while the language of section 9, if applicable to the
same subject, provided for imposing the penalty only on proof
of "repeated violations." It is manifest that the provisions
were in conflict if they were both applicable to the same sub-
ject, and that difficulty was avoided by the holding that the
provision of section 8 was applicable to all cases of violation
of the law with reference to the sale of intoxicating liquors;
while that of section 9, as to "repeated violations," related to
. the other offenses enumerated. Under that construction,
section 8 contained the rule with reference to offenses of that
character. But chapter 83 contains a substitute for section
8. That it created a different rule on the subject from that
contained in the original section there can be no doubt; but
before its enactment that section contained the rule on the
whole subject, and the substitute is necessarily applicable to
the whole subject. It was contended, however, that the
. power to revoke the certificate and strike the name of the
pharmacist from the register is included in that exercised

originally by the commissioners when they granted the certificate, and that, as they might have withheld it for the same reason originally, they could revoke it without any express statutory authority. But that argument proceeds upon a mistaken theory as to the nature of the powers exercised by the commissioners. They are not possessed of any original powers, but are the instrumentality, merely, by which the state seeks to effect one of the objects of the government. They are public officers, possessing such powers only as have been conferred upon them by statute, and exercising them in the manner prescribed by law.

As the privileges enjoyed by the pharmacist under his certificate and registration are conferred by the state, it may provide, doubtless, for their forfeiture for any sufficient reason; and perhaps they could be withdrawn at its will, arbitrarily exercised. But it is sufficient for the present to say that causes for revocation are pointed out by statute, and the manner in which the power to revoke shall be exercised is prescribed, and it can be exercised only in that manner.

We are of the opinion that the commissioners exceeded their jurisdiction in the matter in question.

REVERSED.