L. P. OWENS et al., Plaintiffs, v. HOMER I. SMITH, Judge, Defendant.

**STATUTES: Construction—Hopeless Conflict—Later Enactment Given Effect.** The irreconcilable conflict between Sections 12268 and 12272, on the one hand, and Sections 10667 and 10668, on the other hand, Code of 1924, relative to the time of filing petition and the appearance day in actions of forcible entry and detainer in municipal court, requires resort to the principle that, where statutes are repugnant and cannot be reconciled, *the one last enacted must be given effect.* It follows that, in such actions in *municipal* courts, Sections 10667 and 10668 (they being the last enactment) must be complied with, notwithstanding the contrary provisions of Sections 12268 and 12272.

Headnote 1:.15 C. J. p. 992; 36 Cyc. p. 1073.

*Certiorari to Clinton Municipal Court.*—HOMER I. SMITH, Judge.

JUNE 25, 1925.

ORIGINAL proceedings in this court for a writ of certiorari. The plaintiffs in this action were defendants below in an action of forcible entry and detainer, in which action judgment was entered against them. Writ sustained, and the judgment annulled.

*J. W. Kintzinger* and *F. H. Schwirtz,* for plaintiffs.

*E. L. Miller* and *L. F. Sutton,* for defendant.

STEVENS, J.—This is an original action in this court for a writ of certiorari to test the validity of a judgment entered on March 5, 1925, in the municipal court of the city of Clinton, in an action of forcible entry and detainer. The ultimate question for decision is one of statutory construction.

Justices of the peace were given exclusive original jurisdiction of actions of forcible entry and detainer by the Code of 1851 (Section 2367), by the Revision of 1860 (Section 3957), and by the Code of 1873 (Section 3616). The extra session of the twenty-sixth general assembly, which enacted Section 4211 of the Code of 1897, gave the district, superior, and justice of the peace courts concurrent original jurisdiction in actions of this character. The reason given by the code commission for the change in prior statutes, in its report to the general assembly, is of interest:

"This subject, which in the Code is included in the chapter on justice practice, is removed to an independent chapter and placed next to the chapter on recovery of real property as being analogous thereto. It has been deemed advisable to change the provisions as to the jurisdiction of the action so as to allow it to be also brought in the district or superior court. (See Secs. 4-6). The interests involved are in some cases so great that it seems unreasonable to confine the plaintiff to a justice court and make the jurisdiction of that court exclusive. The summary character of the proceeding is preserved by allowing it to be

brought in the justice court as heretofore, if the plaintiff so elects.''

The time fixed for appearance by Section 2368 of the Code of 1851 was not less than two, nor more than six, days from the time of service of notice upon the defendant. This section as to justice of the peace courts has never been changed. Section 12272, Code of 1924. The time for appearance in district or superior courts was, by Section 4214, Code of 1897, made the same as that required in ordinary actions. Section 12272 of the Code of 1924 makes the time for appearance and pleading in actions of forcible entry and detainer in municipal courts the same as in justice of the peace courts.

The petition in the action in question was filed March 2, 1925, and the original notice, which fixed the time for appearance as 9 o'clock A. M., March 5th, was served on the same day, thereby leaving but two clear days between the time of filing the petition and serving the notice, and the date fixed for appearance.

Municipal courts were created in 1915 by the thirty-sixth general assembly (Chapter 106, Acts of the Thirty-sixth General Assembly; Section 694-c1 *et seq.*, Supplemental Supplement, 1915). Section 18 of this act (Section 694-c18, Supplemental Supplement) gave the municipal court concurrent original jurisdiction with the district court in all civil matters where the amount in controversy does not exceed $1,000, except probate matters, actions for divorce, alimony, separate maintenance, those directly affecting the title to real estate, and juvenile proceedings, and denied the court power to grant injunctions, except where the issuance of the writ is auxiliary to the other relief demanded, of which the court has jurisdiction. It will thus be seen that actions of forcible entry and detainer are not specifically referred to in the chapter creating municipal courts. Causes of action in the municipal court were divided into four classes: A, B, C, and D. Actions in Class A, which is the only one we need to consider, included all equitable actions and all ordinary actions when the amount in controversy exceeded $100, and all special actions of which the court was given jurisdiction. (Section 19).

Section 21 of the act provides that all pleadings in Class A cases shall be in writing and in substantially the same form

as in the district court, and that the petition must be filed with the clerk of the municipal court not less than five days before the date set in the original notice for the appearance of the defendant. Section 22 of the act, which became Section 694-c22 of the Supplemental Supplement, 1915, provided that the original notice must state the amount for which the plaintiff demands judgment, the time and place for the appearance of the defendant, which shall be not less than five, nor more than fifteen, days after the service thereof. This section was amended by Section 2, Chapter 75, of the Acts of the Thirty-seventh General Assembly, changing the time for appearance from 5 to 10 days, and from 15 to 20 days. Code Commissioners' Bill No. 220, which was adopted at the extra session of the fortieth general assembly, added to Class A actions in the municipal court the words, "actions of forcible entry and detainer," making it read, in the Code of 1924, as follows:

"Sec. 10666. Causes of action within its jurisdiction shall be divided into the following classes:

"Class 'A' shall include all equitable actions, actions of forcible entry and detainer, and all ordinary actions, when the amount in controversy exceeds one hundred dollars, and all special actions of which the court has jurisdiction.

"Class 'B' shall include all ordinary actions when the amount in controversy is one hundred dollars or less.

"Class 'C' shall include the trial of all public offenses of which this court has jurisdiction, other than for the violation of the city ordinances.

"Class 'D' shall include all criminal actions for the violation of city ordinances."

Prior to this enactment, the legislature had not, in terms, conferred jurisdiction of actions of forcible entry and detainer upon municipal courts. Section 10667, Code of 1924, in the chapter relating to municipal courts, provides that the petition in Class A cases must be filed with the clerk of the court not less than five days before the date set in the original notice for the appearance of the defendant, and, unless so filed, the defendant shall not be held to appear and answer. Section 12268, Code of 1924, provides that, when an action of forcible entry and detainer is brought in the municipal court, the petition

"must be on file at the time the defendant is required to appear by the notice." Section 10668 provides that, in all civil actions, the original notice shall require the defendant, if served within the county, to appear and answer not less than five, nor more than fifteen, days from the day of service thereof.

It is apparent from the foregoing statement,—which we set out at considerable length, as the showing of the evolution of these statutes affords some aid in the disposition of the question before us,—that there is an irreconcilable conflict between the provisions of Sections 12268 and 12272, and Sections 10667 and 10668, of the Code of 1924. Section 12272, which is in the chapter relating to actions of forcible entry and detainer, fixes the time for appearance in municipal courts as not less than *two* nor more than *six* days from the time of completed service of the original notice. Section 10667 requires the petition in such cases to be filed with the clerk of the municipal court not less than *five* days before the date fixed by the original notice for the defendant's appearance; while it is sufficient, under Section 12268, if the petition is on file on the appearance day. Section 10668 requires the original notice in ordinary civil actions to be served upon a defendant who is a resident of the county, not less than *five* nor more than *fifteen* days from the date of such service. Sections 10667 and 10668 are found in Chapter 475 of the Code, which relates to municipal courts and defines their jurisdiction. The conflict in these statutes makes it impossible to give full effect to all of them. Section 12272 was enacted by the thirty-seventh general assembly; whereas Sections 10667 and 10668 were enacted, or amended, at the extra session of the fortieth general assembly. They are, therefore, later in time, and constitute the final expression of the legislature on the subject. It is a familiar rule of statutory construction that, where statutes are repugnant and cannot be reconciled, the one last enacted must be given effect. *Straight v. Crawford,* 73 Iowa 676; *Staples v. Plymouth County,* 62 Iowa 364; *Yant v. Brooks,* 19 Iowa 87; *Smith v. Chicago, M. & St. P. R. Co.,* 86 Iowa 202; *Lambe v. McCormick,* 116 Iowa 169; *Cedar Rapids & M. C. R. Co. v. Cummins,* 125 Iowa 430.

There is no express repeal of the earlier enactments, and it is the general rule that the repeal of statutes by implication is

not favored; but this rule can have no application to repugnant statutes covering identical subjects.

There is one respect in which Section 10667 of the Code of 1924 and Section 3517 of the Code of 1897 are similar. The former provides that, unless the petition in all Class A cases in the municipal court is filed at least five days before the date fixed in the original notice, the defendant shall not be held to appear and answer. In the latter section, if the time for appearance after the service of the original notice is less than that fixed thereby, the defendant shall be held to appear at the second term of the court after such service. Strict compliance with these sections is necessary, to obtain jurisdiction of the person. It was certainly not the intention of the legislature to make an exception in cases of forcible entry and detainer. The confusion arises because of the failure of the legislature to specifically repeal all provisions of the statute inconsistent with Section 10667. As stated, this statute, being later in time of enactment, constitutes the last expression of the legislature on the subject. Furthermore, the statute fixing and defining the jurisdiction of the court must control. The original provision that Class A cases should include all equitable and ordinary actions in which the amount in controversy exceeded $100, did not adequately describe actions of forcible entry and detainer. The question to be tried in actions of this character is the fact of possession. The amount in controversy cannot be stated in dollars and cents. It is unlike other civil actions in this respect.

It is our conclusion that petitions in municipal courts must be filed, and notice served, at least five days before the time fixed for the appearance of the defendants, and that, unless this is done, no default can properly be entered. This being true, it necessarily follows that the writ must be sustained, and the judgment entered in the court below annulled. It is so ordered.— *Writ sustained.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.