STATE EX REL. MICHAEL, Respondent, vs. McGILL and others, Appellants.

*November 5—December 1, 1953.*

For the appellants there was a brief and oral argument by *Milton F. Burmaster,* city attorney, and *Albert B. Houghton* of Milwaukee of counsel.

For the respondent there was a brief and oral argument by *Evan C. Schwemer,* attorney, and *Irving P. Mehigan* of counsel, both of Milwaukee.

GEHL, J.    The applicable statutes are secs. 39.45 (2) and 39.37.  Sec. 39.45 (2), upon which defendants rely, reads as follows:

"(2)  All teachers as defined in this section shall be given written notice of renewal or refusal of his or her contract for the ensuing school year on or before April 1 of the school year during which said teacher holds a contract by the managing body or other proper officer of the school or system in which the teacher is employed.  When no such notice is given on or before April 1, the contract of teaching service then in force shall be continued for the ensuing school year. A teacher receiving a notice of renewal of contract for the ensuing year from the employing board or proper officer, or a teacher who does not receive a notice of renewal or refusal of his or her contract for the ensuing school year on or before April 1, shall accept or reject, in writing, such contract no later than April 15 following. . . ."

Sec. 39.37, Stats., is generally known as a tenure law.  It is not disputed that petitioner qualifies as one who has become permanently employed as in the section provided. Sub. (3) thereof provides:

"No teacher who has become permanently employed, as herein provided, shall be refused employment, dismissed, removed, or discharged, except for inefficiency or immorality, for wilful and persistent violation of reasonable regulations of the governing body of such school or for other good and just cause, upon written charges based on fact preferred by the governing body or other proper officer of the school system or school in which such teacher is employed.  Such charges shall, after ten days' written notice thereof to such

teacher, and within thirty days after receipt of such notice, upon such teacher's written request, be heard and determined by the governing body of the school system or school in which such teacher is employed. . . ."

Defendants contend that the statute must be construed to mean that petitioner's failure to "accept or reject, in writing, such contract no later than April 15th constitutes his election not to continue as a teacher, and that consequently his employment has been terminated."

Sec. 39.45, Stats., is a general law which affects every teacher in the state, excepting part-time teachers, teachers employed by any local board of vocational and adult education in any city of the first class, and teachers employed by any board of school directors in any city of the first class. Sec. 39.37, which the petitioner contends is applicable, is a special law and applies only to a county having a population of 500,000 which presently happens to be only Milwaukee county, and excepts from its operation the teachers of the city of Milwaukee.

It is apparent that the legislature considered that conditions affecting the teachers in a populous county are different from those existing in the less populous communities, and. that to afford the former security of employment peculiar legislative protection should be given them. So considered, the two provisions are not in conflict. They were enacted to meet different conditions and problems.

It is a familiar rule of statutory construction that a special statute covering a related subject takes precedence over a general one, and that when their provisions are so incompatible that effect cannot be given to both, the former must be read as an exception to the latter. *State ex rel. La Crosse Public Library v. Bentley,* 163 Wis. 632, 158 N. W. 306; *Boyle v. Larzelere,* 245 Wis. 152, 13 N. W. (2d) 528; *Estate of Frederick,* 247 Wis. 268, 19 N. W. (2d) 248; *March v. Voorsanger,* 248 Wis. 225, 21 N. W. (2d)

275. It follows that sec. 39.37, Stats., is applicable and, since its provisions were not complied with, petitioner is entitled to reinstatement.

The defendants now and for the first time raise the question as to the validity of the provisions of sec. 39.37, Stats. That we must consider the contention, although not previously made, was held in *State ex rel. Joint School Dist. v. Becker,* 194 Wis. 464, 215 N. W. 902, where the court concluded that it should not permit a waiver on the part of municipal officers of constitutional objections to legislation.

The defendants attack the law as not being uniform in its operation throughout the state, in violation of sec. 32, art. IV of the Wisconsin constitution. The answer is contained in *State ex rel. Dudgeon v. Levitan,* 181 Wis. 326, 193 N. W. 499, where, in dealing with a statutory pension system excluding from its operation the schools of Milwaukee and assailed upon the ground that the act denies equal protection of the laws, the court said (p. 344) :

"We do not regard this law as a police regulation. It is a law intended to promote the educational interests of the state. It relates to the conditions upon which the public will contract with those undertaking to teach in the schools of the state. As there is no constitutional requirement that such contract shall operate uniformly throughout the state, the state is at perfect liberty to prescribe one form of contract in one county and another form in another county, or one form of contract in one educational institution and a different form in another." See also *State ex rel. Joint School Dist. v. Nyberg,* 183 Wis. 215, 197 N. W. 724.

*By the Court.*—Judgment affirmed.