Elvene R. Jackson et al., appellees, v. J. E. Smith, county superintendent of schools, Palo Alto County, appellant; Consolidated School District of Cylinder, intervenor-appellant.

No. 48636.

(Reported in 68 N.W.2d 82)

January 12, 1955.

Leslie A. Prichard, of Emmetsburg, for appellant.

Linnan & Lynch, of Algona, and A. J. Burt, of Emmetsburg, for intervenor-appellant.

Kelly, Spies & Culver and Smith & Hanson, all of Emmetsburg, for appellees.

WENNERSTRUM, C. J.—Plaintiffs brought an action in equity against the County Superintendent of Schools of Palo Alto County, Iowa, to enjoin a special election called for the purpose of voting upon a proposed expansion of the Cylinder Consolidated District and the creation of a new consolidated school district. The plaintiffs were voters residing in, or the owners of real estate in, the proposed new district. The Cylinder district intervened in the action and joined with the defendant, the county superintendent, in defending against plaintiffs' action. A temporary injunction was issued without notice. On motion the injunction was modified so as to permit the election. The modifying order provided that if the election should carry no action should be taken to effect the carrying out of the consolidation until the case was tried on its merits. At the election the proposition for consolidation carried. The case was thereafter heard by the trial court which held for the plaintiffs and entered a decree enjoining further proceedings in connection with any consolidation. In its ruling the court held the election was illegal and all proceedings relative to it and the proposed consolidation were of no force and effect. The defendant and intervenor have appealed.

An understanding of the present litigation necessitates a brief statement relative to the historical background of the present and prior statutes pertaining to the reorganization and consolidation of school districts. The present law was passed by the Fifty-fifth General Assembly (1953). It appears now as chapter 275 of the 1954 Code of Iowa. Prior to the 1953 legislation chapter 274 of the 1950 Code set forth the statutes relative to school districts in general and in chapter 275 of the 1950 Code the statutes pertaining to reorganization of school districts are incorporated. In chapter 276 of the 1950 Code the statutes relative to consolidated school districts are included. Because of confusion which developed concerning the correct procedure to be followed in connection with reorganization problems much litigation resulted. Swan Lake Consolidated School District v. Consolidated School District of Dolliver (1953) 244 Iowa 1269, 58 N.W.2d 349; State ex rel. Nation v. Independent Consolidated School District of Gowrie (1954) 245 Iowa 663, 62 N.W.2d 194; Smaha v. Simmons (1953) 245 Iowa 163, 60

N.W.2d 100; Cook v. Consolidated School District of Truro (1949) 240 Iowa 744, 38 N.W.2d 265; Chambers v. Housel (1930) 211 Iowa 314, 233 N.W. 502; State ex rel. Stinman v. Spellman (1921) 191 Iowa 1181, 183 N.W. 577.

The adoption of chapter 275, 1954 Code (H. F. 229 of the Fifty-fifth General Assembly) resulted in the complete repeal of chapters 275 and 276 of the 1950 Code, as well as a considerable portion of chapter 274. The 1953 legislation was adopted as an effort to simplify and clarify the confusion that had developed relative to reorganization of school districts. Explanation, House File 229, chapter 117, Acts of the Fifty-fifth General Assembly (1953). For a detailed study of the 1953 Iowa School Reorganization Law see Drake Law Review, Volume 3, pages 57 to 72.

It is the claim of the plaintiffs the election and all proceedings in connection with the establishing of the contemplated new district were illegal because they did not follow the provisions of the then recently enacted legislation, now chapter 275 of the 1954 Code of Iowa. It is the contention of the defendant and intervenor the election held and the proceedings for the formation of the new district were conducted under chapter 276 of the 1950 Code and the election proceedings were commenced prior to the effective date of House File 229 of the Acts of the Fifty-fifth General Assembly (April 30, 1953) and that the new Act had no application to the proceedings under which the election was held. It is maintained the proceedings followed were legal and regular.

On November 3, 1952, the first action in connection with the matters here under consideration was taken when the Cylinder and the Emmetsburg School Districts filed requests with the County Board of Education for proposed extensions of their respective districts. No action was taken and the matter was passed for later consideration. On November 14 and 15 there were presented to the County Board of Education formal petitions asking that a Consolidated District of Cylinder be established. Each of the petitions was stamped by the county superintendent as filed November 15, 1952. On or about this date the county superintendent wrote on each of these petitions the following: "Action withheld by County Superintendent at request of Board of Directors of Cylinder School. Date of official

filing will be announced by Cylinder school board later." He testified he thought the petitions were brought in by one of the members of the Cylinder board and he believed it was some member of that board who requested no action be taken and this request caused him to make the endorsement on the petition. The County Board finally acted on the petitions on May 5, 1953, and later there was stamped on each of them the filing date of May 26, 1953. The county superintendent further testified: "* * * the reason I stamped it as of May 26 was the proceedings formally would be initiated as soon as it was stamped at that date."

There are some further facts which should be noted inasmuch as they bear upon further developments which resulted in the action brought by the plaintiffs. On May 5 the County Board of Education passed a motion in part as follows: "* * * that permission be granted by the County Board of Education to the Cylinder Consolidated School District whereby the said school district may proceed with territorial expansion under the tentative county plan."

On May 28, 1953, the county superintendent published notice of the filing of the petition and fixed the twelfth day of June, 1953, for the presentation of objections and the hearing thereon. This notice stated the petition was filed May 26, 1953. It was however dated November 24, 1952. On June 25, 1953, another notice was published which sought to correct the prior notice of May 28 and therein the date in the notice of May 28 was changed from May 26, 1953 to November 15, 1952.

There were other proceedings in connection with the action sought to be taken by the County Board of Education. One was the calling of a special election for August 10. Plaintiffs' action was commenced shortly thereafter and the temporary injunction previously mentioned was issued.

The trial court held that inasmuch as chapter 275 of the 1950 Code was enacted subsequent to the provisions of chapter 276, 1950 Code and is made supplemental to that chapter with reference to the procedure to be adopted for the organization of the consolidated school districts, the provisions of section 275.4, 1950 Code, should have been followed if the proceedings in the present case are to be considered as having been com-

menced in 1952. It further held that chapter 117 of the Acts of the Fifty-fifth General Assembly (chapter 275, 1954 Code) repealed both chapters 276 and 275 of the 1950 Code and left the old procedure under these two chapters only for such proceedings as were officially commenced prior to the enactment of the new law, to wit: April 30, 1953.

The plaintiffs commenced their action on the theory the provisions of the 1953 legislation (chapter 275, 1954 Code) were not complied with and consequently the proceedings followed in the proposed formation of the Cylinder Consolidated School District were illegal and void. The defendant in his answer, as heretofore noted, then claimed he had not sought to follow the proceedings set forth in the 1953 legislation. It was maintained the provisions of chapter 276, 1950 Code, had been followed. It is contended the provisions of the new legislation permitted this to be done in that section 34 of chapter 117, Acts 55th General Assembly provided: "Nothing herein contained shall be construed as invalidating the organization of any school district existing on the effective date of this Act nor shall any proceedings for merger, consolidation, boundary change, or creation of a new school district commenced prior to the effective date of this Act be invalidated by the provisions of this Act."

It was then claimed by the plaintiffs that if the defendant and intervenor had sought to follow the provisions of chapter 276, 1950 Code, the proceedings followed were void and illegal for several reasons set forth in the pleadings.

The trial court held the provisions of the law relative to the organization or reorganization of a school district must be strictly complied with and could only be changed by the legislature. It consequently held the procedure followed by the defendant and intervenor in the present case could not be sustained in that (1) the proceedings, under the record, were commenced in May of 1953, and consequently the new law, effective April 30, 1953, provided for an entirely different procedure from that followed and that the provisions of the new law should have been followed, (2) if the new law was not applicable then the proceedings should have been those prescribed by the

provisions of chapter 276 as supplemented by chapter 275 and that the election should have been called in conformity to the procedure set out in section 275.4, 1950 Code, by the school boards of the respective districts affected, which was not followed. It further held the notice fixing the time for hearing on objections to the petition was not filed within ten days as contemplated by the claimed applicable law. Further, that the election was called by the county superintendent under chapter 276, 1950 Code, which had been impliedly repealed by section 275.4, 1950 Code. Further, the territory voted upon contained a quarter section of land which was not included in the petition filed with the county superintendent, and finally, because the proposed district voted upon leaves less than four sections remaining in a certain rural district, which is contrary to the statutes and therefore invalidates the proceedings.

I. It is our holding there was no formal filing of the petitions until May 26, 1953. The endorsement made on the petition by the county superintendent indicated he, as well as the members of the Cylinder school board, did not consider the date of November 15, 1952, on the petition as a filing date, as it was stated: "* * * Date of official filing will be announced by Cylinder school board later." Inasmuch as the date of May 26, 1953 was later stamped on the petition it must be considered that was the date when the petitions were formally filed. The county superintendent so considered it as shown by his testimony. Consequently the applicable procedure is that set forth in chapter 275, 1954 Code. As previously stated it became effective April 30, 1953.

We cannot hold, as is claimed by defendant and intervenor, the proceedings are subject to the exception clause noted as section 34, chapter 117, Acts 55th General Assembly. The proceedings were not commenced until the petitions were formally filed as of May 26, 1953. The bringing of the petitions to the office of the county superintendent on November 14 and 15 did not, under the facts shown, start the proceedings when the date of November 15, 1952, was placed on the petition. It is our holding that the statutes set out in chapter 275, 1954 Code should have been followed. The trial court so held and we approve.

II. The trial court in its decision commented upon the fact that if chapter 275, 1954 Code was not applicable then the statutes in the prior legislation had not been properly followed. Inasmuch as we have held the statutes, chapter 275, 1954 Code, are applicable, we do not deem it necessary to comment on the possible errors in not following the earlier statutes. We affirm the trial court.—Affirmed.

All JUSTICES concur.