LIBERTY CONSOLIDATED SCHOOL DISTRICT et al., appellants, v. E. P. SCHINDLER, superintendent of schools for Story County, and COUNTY BOARD OF EDUCATION, appellees.

No. 48766.

(Reported in 70 N.W.2d 544)

JUNE 7, 1955.

Haupert & Robertson, of Marshalltown, for appellants.

Hattery & Miller, Donald L. Nelson and Frank H. Lounsberry, all of Nevada, and Lundy, Butler & Lundy, of Eldora, for appellees.

GARFIELD, J.—The most important question presented on this appeal is whether an existing consolidated school district which does not maintain an approved central school may be reduced below an area of 16 sections of land by the formation of a community school district under chapter 275, Code, 1954. We hold there may be such reduction.

Plaintiff Liberty Consolidated School District consists of 18¼ sections of land in Marshall County. May 7, 1954, there was filed with defendant Schindler, superintendent of schools for Story County, a petition for reorganization of the Zearing Consolidated School District, to be known as "Community School District of Zearing", which proposed to include 2¾ sections of land in Marshall County in plaintiff Liberty district and other

land in Story and Hardin Counties. Following a hearing the joint boards of education of Marshall, Story and Hardin Counties approved the petition so as to include the above mentioned land lying within Liberty district.

June 24, 1954, plaintiffs Liberty district and one Drew, residing therein, together with Clemons Consolidated School District brought this action in equity against defendant Schindler, superintendent of schools for Story County, and Story County Board of Education to enjoin them from holding an election pursuant to section 275.18, Code, 1954, or any election for the purpose of establishing the proposed Community School District of Zearing. The action is bottomed on the claim Code section 274.3 prohibits the reduction of the Liberty district below 16 sections of land. The Clemons district was joined as plaintiff evidently because it had proposed a reorganization to include Liberty and other districts in Marshall County.

June 25 a temporary restraining order issued against submitting to the voters the proposed reorganization to be known as Community School District of Zearing. The case was later submitted to the district court on stipulated facts. In February 1955 plaintiffs' petition was dismissed on the ground they did not file with the joint county boards of education objections to the formation of the new district nor appeal to the state department of public instruction from the boards' order approving the district.

March 2, 1955, an election was held pursuant to notice on the proposal to form the new community district and it carried unanimously. Further steps in the organization of the new district were stayed by us until determination of this appeal or further order from us.

Since plaintiffs' case rests entirely on section 274.3, Codes, 1950, 1954, it seems desirable to quote it in full: "Minimum size of school districts. No new school district shall be formed, nor shall the boundary lines of any existing school district be so changed as to make it contain an area less than four government sections of land; but nothing herein shall be construed to prevent the boundary lines of an existing school district from being changed so that it shall be included in and consolidated with

other districts, or joined to another district to form a single school district, nor shall it be construed to permit the formation of a consolidated district with an area of less than sixteen government sections of land or to permit the reduction of an existing consolidated district below an area of sixteen government sections of land."

Plaintiffs rely upon this language in 274.3: "but nothing herein shall be construed * * * to permit the reduction of an existing consolidated district below an area of sixteen government sections of land." They argue this is a clear prohibition against reducing the area of Liberty district below 16 sections. One of defendants' contentions, however, is, in effect, that this provision assumes or implies there is another statutory prohibition against reducing such a district below 16 sections and the quoted provision was placed in 274.3 so it would not be construed as in conflict with such other prohibition.

In view of defendants' contention just referred to we set out section 276.20, Code, 1950, which contained the only prohibition against reducing an existing consolidated district below 16 sections other than the one plaintiffs claim is found in 274.3: "Minimum territory. A consolidated school corporation, maintaining an approved central school, shall not be reduced to less than sixteen government sections, unless dissolved as provided by law. No remaining portion of any school corporation from which territory is taken to form a new district shall contain an area of less than four government sections which shall be so situated as to form a suitable corporation."

Section 276.20, Code 1950, is an older statute than section 274.3. It was enacted in 1921 as section 20, chapter 175, Acts of the Thirty-ninth General Assembly. Section 274.3 was enacted in 1935 as section 1, chapter 35, Acts of the Forty-sixth General Assembly.

It is clear, and plaintiffs do not argue to the contrary, defendants are not violating section 276.20, if it were in effect, since it is stipulated Liberty district has not maintained an approved central high school for more than seven years, nor such grade school for more than two years, last past. Further, section 276.20 and all of Code chapter 276 were expressly re-

pealed by section 35, chapter 117, Laws of the Fifty-fifth General Assembly, approved in April 1953. Chapter 117 is now chapter 275, Code, 1954, under which defendants are proceeding.

We first consider the effect of sections 274.3 and 276.20 without regard to chapter 275, Code, 1954. Section 274.3 contains a definite prohibition against forming a new school district, or changing the boundary lines of an existing district, so it will contain less than four sections of land. State ex rel. Sch. Twp. v. Independent Sch. Dist. of Persia, 245 Iowa 593, 63 N.W.2d 246. No violation of this prohibition is claimed.

Section 274.3 contains no definite prohibition against reduction of an existing consolidated district below 16 sections. The language near the end of 274.3 on which plaintiffs' case is based is in the nature of a proviso evidently inserted by the legislature as a cautionary measure so its definite four-section prohibition should not be construed as impliedly permitting the reduction of an existing consolidated district below 16 sections (but with four sections or more) and thus conflict with or impliedly repeal the earlier section 276.20.

There is merit in defendants' argument that the language of 274.3 on which plaintiffs rely implies or assumes there was at the time it was enacted another statute prohibiting the reduction of an existing consolidated district below 16 sections. As previously explained, section 276.20 was that other statute. It had been in effect fourteen years before 274.3 was passed. The legislature obviously desired to make it clear 274.3 was not intended to repudiate the existing statute.

50 Am. Jur., Statutes, section 436, says of a proviso in a statute, "At times, it is employed, out of abundant caution, merely to explain the general words of the enactment and to guard against a possible construction that is not intended." Numerous decisions support this statement.

82 C. J. S., Statutes, section 381a, page 883, states that generally one purpose of a proviso in a statute is that of "excluding some possible ground of misinterpretation of it, as by extending it to cases not intended by the legislature to be brought within its purview. * * * Although a proviso is generally intro-

duced by the word 'provided,' the existence and effect of a pro-viso are to be determined rather by its matter and substance than by its form." (The word "but" rather than "provided" is used in 274.3.) Idem, section 381b(3), page 888, says, "nor does a proviso ordinarily introduce independent legislation, * * *."

Decisions which support the text quoted from C. J. S. include United States v. Morrow, 266 U. S. 531, 45 S. Ct. 173, 69 L. Ed. 425; People ex rel. Happell v. Sischo, 23 Cal.2d 478, 144 P.2d 785, 150 A. L. R. 1431, 1440, 1441; Anderson v. City of Park Ridge, 396 Ill. 235, 72 N.E.2d 210, 218, 219; State ex rel. City of Grand Island v. Union Pacific R. Co., 152 Neb. 772, 42 N.W.2d 867, 880.

We are convinced section 276.20 is to be considered in this case in determining the effect of the language in section 274.3 on which plaintiffs rely. Section 274.3 is a general statute applicable to all school districts. It is part of the chapter entitled "School Districts in General." Section 276.20, however, before its repeal by the Fifty-fifth General Assembly was a special statute applicable only to consolidated districts, part of the chapter entitled "Consolidated School Districts." See Jackson v. Smith, 246 Iowa 427, 428, 429, 68 N.W.2d 82, 83.

As we have pointed out 276.20 did not prohibit reducing a consolidated district below 16 sections unless it was maintaining an approved central school, and it is agreed Liberty district was not maintaining such school. Thus if the language of 274.3 relied on by plaintiffs were given the broad effect they claim for it there is a clear repugnancy or inconsistency between such language and 276.20 before its repeal.

■ It is a fundamental rule that where a general statute, if standing alone, would include the same matter as a special statute and thus conflict with it, the special Act will be considered an exception to or qualification of the general statute and will prevail over it, whether it was passed before or after such general enactment. Yarn v. City of Des Moines, 243 Iowa 991, 998, 54 N.W.2d 439, 443, and citations; Iowa Mutual Tornado Ins. Assn. v. Fischer, 245 Iowa 951, 955, 65 N.W.2d 162, 165; 82 C. J. S., Statutes, section 369, pages 843, 844. See also State ex rel. Michael v. McGill, 265 Wis. 336, 61 N.W.2d 494, 496.

Upon these considerations we conclude there was no violation of section 274.3, construed in the light of 276.20, even before the latter section was repealed in 1953. We are clear the express repeal of 276.20 by the Fifty-fifth General Assembly places plaintiffs in even a less favorable position than they would occupy if chapter 117 (chapter 275, Code, 1954) had not been passed. There is no indication the language of 274.3 relied on by plaintiffs was intended as a prohibition against reducing a consolidated district below 16 sections which would survive the repeal of 276.20

Although what we have said is determinative of the case it seems desirable to consider briefly the effect upon the present controversy of chapter 275, Code, 1954. Section 275.1 of the chapter contains the "Declaration of policy" and provides: "It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state. * * * the county board of education in each county of the state shall initiate detailed studies and surveys of the school districts within the county and territory adjacent thereto for the purpose of promoting such reorganization of districts by unions, mergers, reorganizations or centralization as will effect more economical operation and the attainment of higher standards of education in the schools."

It is not shown defendant County Board of Education has not performed the mandatory duty imposed by the above provision of initiating the detailed studies and surveys of the school districts of Story County and territory adjacent thereto. Nor is any issue raised as to any claimed nonperformance of such duty. In the absence of evidence to the contrary the presumption is the board has performed its duty in this regard. Independent School District of Danbury v. Christiansen, 242 Iowa 963, 971, 49 N.W.2d 263, 268; Middle States Utilities Co. v. Osceola, 231 Iowa 462, 467, 1 N.W.2d 643, 646; Interstate Power Co. v. Incorporated Town of McGregor, 230 Iowa 42, 53, 296 N.W. 770, 776, 146 A. L. R. 315, 322; 31 C. J. S., Evidence, section 146c, page 811; 20 Am. Jur., Evidence, sections 170, 171.

The explanation of Code (1954) chapter 275 appended to the Act in the Fifty-fifth General Assembly (House File 229) thus recites its purposes: "* * * to incorporate into one chapter of the Code the legal procedures for changing school district boundary lines. * * * to eliminate many of the problems which present themselves when county boards of education and local districts attempt to form a new district. It, for example, clarifies voting procedures, petitioning, action in joint districts, areas left with less than four sections, effective date of district, and other controversial problems that are being experienced."

We need not analyze the entire chapter 275. An excellent article, entitled "Reorganization of Iowa School Districts" by Eugene Davis in 39 Iowa Law Review 570, analyzes much of the Act. Another careful study of the law is found in 3 Drake Law Review 57, entitled "Some Aspects of the 1953 Iowa School Reorganization Law" by LeRoy R. Voigts. Jackson v. Smith, supra, 246 Iowa 427, 429, 68 N.W.2d 82, 83, calls attention to this article and says Code chapter 275 "was adopted as an effort to simplify and clarify the confusion that had developed relative to reorganization of school districts."

The legislature evidently intended chapter 275 to cover completely the subject of school district reorganization and to provide a comprehensive plan therefor. Obviously it was intended to encourage the reorganization of districts in the interests of economy, efficiency and higher educational standards.

The last sentence of section 275.5 (of present chapter 275) states that proposals for merger, consolidation or boundary change "may provide for reducing an existing school district to less than four government sections and where such proposal is put into effect by election by one of the methods hereinafter provided the county board shall attach such remaining portions of less than four sections to another school district as provided for in their county plan."

As we have observed, section 35 of this Act of the Fifty-fifth General Assembly expressly repeals the then Code chapters 275 and 276, including of course section 276.20, hereinbefore set out. Section 36 of the Act expressly repeals many sections of the then Code chapter 274 but for some unaccountable reason the

Act does not expressly repeal or amend section 274.3 on which plaintiffs rely.

We are fully aware of the disfavor in which repeals by implication are held. See Smaha v. Simmons, 245 Iowa 163, 168, 60 N.W.2d 100, 103, and citations; Robbins v. Beatty, 246 Iowa 80, 86, 67 N.W.2d 12, 15. However, the conclusion is inescapable that the last sentence in section 275.5 is repugnant to and irreconcilable with the prohibition in section 274.3 against reducing an existing school district below four sections of land. Section 275.5 expressly permits it, 274.3 prohibits it. Obviously both provisions cannot stand. Thus the later enactment on this point must prevail and the earlier one give way. Plaintiffs' argument in effect concedes as much.

We also see no escape from the conclusion the term "an existing school district" in the last sentence of section 275.5 necessarily includes an existing consolidated district. And to permit an existing consolidated district to be reduced to less than four sections of necessity carries with it permission for a reduction below 16 sections.

Our conclusion as to the effect of chapter 275 on section 274.3 finds support in Sword v. Spry, 205 Iowa 266, 270, 271, 215 N.W. 737; Owens v. Smith, 200 Iowa 261, 265, 204 N.W. 439; Way v. Collins Oil Co. (Evans, J.), 187 Iowa 1375, 1382, 173 N.W. 20; United States v. Tynen, 78 U. S. (11 Wall.) 88, 93, 20 L. Ed. 153, 154; 82 C. J. S., Statutes, section 291; 50 Am. Jur., Statutes, section 543.

We may observe that we find nothing in chapter 275 in conflict with the prohibition in section 274.3 against forming a new district to contain less than four sections and that prohibition may be regarded as still in effect. Indeed there is every indication new chapter 275 contemplates formation of larger, rather than smaller, districts. Section 275.3 provides that except with permission of the state superintendent of public instruction upon the written request of a county board no new district shall be planned unless there reside therein at least 300 persons of school age who were enrolled in public schools in the preceding school year. No such statutory requirement based on school population of a new district has before existed in Iowa.

We have deemed it proper, perhaps out of curiosity, to examine the legislative journals of the Fifty-sixth General Assembly which adjourned in May 1955. The Journal of the House of Representatives (page 1065) shows it passed without a dissenting vote H. F. 123, by Representative Freed, providing for express repeal of Code section 274.3. The explanation appended to the bill states, "The purpose of repealing this section is to remove an obvious conflict between section 274.3, Code 1954, and the last sentence in section 275.5, Code 1954, which provides in effect that existing school districts may be reduced to less than four sections * * *." Apparently the Senate "sifting committee" in the Fifty-sixth General Assembly did not vote out H.F. 123 and the measure seems to have died there.

Although we have never decided the principal question presented on this appeal (stated at the outset hereof) our attention was called upon submission of the case to decisions of two able district judges, apparently after careful study, who arrive at the same conclusion herein reached. And this is also the conclusion arrived at in Mr. Davis' article, supra, in 39 Iowa Law Review 570, 586, 587. We are satisfied our decision is quite consistent with the declared objects and purposes of chapter 275.

The above views make it unnecessary to consider other propositions for affirmance urged by defendants.

A motion to dismiss the appeal was ordered submitted with the case. As may be inferred from our consideration of the merits, the motion is overruled. The stay order issued by this court March 14, 1955, is hereby terminated.—Affirmed.

All JUSTICES concur except SMITH, J., who concurs in result.